798 F.2d 468
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas Lee CRUM, Petitioner-Appellee,
v.
Gene A. SCROGGY, Warden, Respondent-Appellant.
 No. 85-5481.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1986.
 
 Before ENGEL and KEITH, Circuit Judges, and UNTHANK, District Judge*.
 PER CURIAM.
 
 
 1
 Appellant Scroggy appeals the judgment of the United States District Court for the Western District of Kentucky granting appellee Crum's petition for a writ of habeas corpus on the ground that the evidence in the underlying trial was insufficient to support his burglary conviction.
 
 
 2
 Crum was arrested with two other men when the three were discovered by a police dog in some bushes near the scene of a burglary. Evidence introduced at trial clearly linked the two men found with Crum to the break-in. However, the evidence against Crum was less conclusive. It included testimony by the wife of the employer of one of the men found with Crum to the effect that she had seen Crum with that man around his place of employment. The evidence against Crum further consisted of testimony that the police had found Crum with the men approximately forty-five minutes to an hour after the break-in occurred, and that the other men were clearly implicated in the burglary. Although neither the Kentucky Court of Appeals nor the district court below noted this, appellant also notes that a fourth person, a juvenile also apprehended at the scene, had informed the police that the three men were in the bushes.
 
 
 3
 Crum was convicted by a jury in the Jefferson Circuit Court of burglary in the third degree. The Court of Appeals of Kentucky affirmed, and the Supreme Court of Kentucky denied a motion for review. Crum then applied for a writ of habeas corpus to the United States District Court for the Western District of Kentucky which it granted on April 24, 1985. Noting the parties' agreement that there were no factual disputes, the district court concluded that the suspicion that Crum may have participated in the burglary "does not rise to the dignity of proof beyond a reasonable doubt."
 
 
 4
 Appellant challenges this holding, noting that it had placed before the district judge "only brief summaries of the evidence" for his review. They argue that a complete review of the record demonstrates the sufficiency of the evidence in this case. They further contend that the district court failed to consider incriminating evidence contained in their brief summaries.
 
 
 5
 The record before the district court and before this court does not include a transcript of the testimony in the Jefferson Circuit Court which led to Crum's conviction of burglary in the third degree. Although 28 U.S.C. Sec. 2254 provides adequate procedures for obtaining such transcripts, no party in these proceedings has availed itself of that provision. While it is true that many of the facts are available elsewhere within the record of the proceedings in the state court, we are impeded in our review by the absence of such a transcript which might shed light and meaning upon the evidence and the weight that could reasonably be attached to it by a jury in such circumstances. We observe that while perhaps not invariably required, an examination of the trial transcript should usually be carefully undertaken before a habeas corpus court endeavors to pass upon the constitutional sufficiency of the evidence, especially where it would strike down what has been upheld in all of the state court proceedings. We conclude that, if available, the transcript of the state trial court should be produced in the district court for its review.
 
 
 6
 Accordingly, the judgment of the district court is VAcATED and the cause REMANDED for further proceedings.
 
 
 7
 Judge Keith dissents. He would affirm the judgment of the district court and hold that it properly applied the principles of Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 
 *
 The Honorable G. Wix Unthank, United States District Court for the Eastern District of Kentucky, sitting by designation